HENRY N. GIRARD *vs.* SARAH A. DAVIS.

NOVEMBER 26, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action in assumpsit, brought to recover certain indebtedness allegedly owed by the defendant to the plaintiff, was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the sum of $1885.68 with interest, totaling $2837.95. The defendant's motion for a new trial on the ground of newly discovered evidence was duly made and was later denied *pro forma* by another justice of the superior court. The case is before us upon the defendant's single exception to the decision as rendered for the plaintiff, all other exceptions being expressly waived.

It appears that the plaintiff was married to the defendant's sister and that he commenced the present action on August 9, 1933, about four months after the death of his wife. The declaration therein contains six counts, the first being in book account and alleging an indebtedness of the defendant to the plaintiff in the amount of $1985.68; the second, third, fourth and fifth counts each setting forth an alleged indebtedness of the defendant based respectively upon different transactions and together aggregating substantially the amount of the indebtedness alleged in the first count; and the sixth count consisting of the usual common counts. To each of these counts the defendant filed a plea of the general issue and a special plea of the statute of limitations. The plaintiff thereupon filed replications to each of the defendant's special pleas, setting forth that the "defendant did, within six years of the date of the plaintiff's writ,

promise the plaintiff that she would pay each and every one of the sums mentioned" in the various counts of the declaration. The case was tried in April 1936 and decision was rendered in May 1937.

The evidence for the plaintiff tended to show that the defendant was indebted to the plaintiff for various loans of money, for other payments made by the plaintiff at the request and for the benefit of the defendant, and for certain other items as substantially set forth in the "annexed" account filed in the case. The evidence for the defendant tended to show payment by her, in one form or another, of certain items which she admitted in that account; the denial by her of the obligation on the demand note for $800 dated January 26, 1921; and the denial of any business relations with, or payments or promises to, the plaintiff within six years of the commencement of the present action.

With the exception of an alleged payment by the defendant in November 1924 of interest on the total indebtedness claimed by the plaintiff, and another alleged payment in November 1928 on account of such interest and principal, the plaintiff's own evidence shows conclusively that the last charge in the plaintiff's account against the defendant was made on November 1, 1921, almost twelve years before the date of the writ; and that the first item of the account against the defendant was charged on September 25, 1918, approximately fifteen years before the date of the writ. The trial justice rendered his decision for the plaintiff for the full amount of his claim plus interest on the basis that "The case must be decided . . . simply on the question of truth or falsity of the evidence of the plaintiff and defendant . . . ." and that "he believes the plaintiff and does not believe the defendant."

The defendant concedes the rule that great weight ordinarily will be accorded to the trial justice's decision upon conflicting evidence; but she contends substantially that the trial justice must have misconceived or overlooked cer-

tain vital evidence in the case and that the decision is clearly contrary to the great weight of all the evidence. We have examined the transcript of evidence and the decision of the trial justice and, in our opinion, the decision for the plaintiff in the full amount with interest is clearly wrong.

Since this conclusion and the presence of conflicting evidence in the case dictate the necessity for having a new trial, it will serve no useful purpose here to discuss all the evidence, some of which did not depend entirely upon the credibility of the witnesses, as the trial justice seems to indicate.

It is sufficient for our present purposes to point out that the burden was upon the plaintiff to show by a fair preponderance of evidence that the "defendant did, within six years of the date of the plaintiff's writ, promise the plaintiff that she would pay each and every one of the sums mentioned", in the plaintiff's several counts. To establish this fact the plaintiff testified that the defendant paid him on November 18, 1924 "by cash for three years interest, $374", and that she also paid him on November 18, 1928 "by cash paid, $499" for four years interest and "Cash paid on account, $100." This testimony was positively denied by the defendant, and its chief, if not only, corroboration appears from a page purporting to have been taken from the plaintiff's ledger, as kept in the usual course of business, and introduced by him to show the record of charges for interest, payments thereof, and the further payment of $100 on account of principal.

Obviously, if the purported ledger account of the defendant's indebtedness to the plaintiff contained original entries that were kept in the usual course of business, the weight to be given to the plaintiff's evidence on this issue would be greatly increased. On the other hand, if this ledger page did not contain original entries kept in the usual course of business, and these were not otherwise satisfactorily explained, the weight to be given the plaintiff's evidence would be correspondingly decreased. As we view it, the great

weight of the evidence in the case leaves little, if any, doubt that this page, upon which the plaintiff so largely relied and which purported to be the true ledger account of transactions between the defendant and plaintiff, was not the page of the plaintiff's ledger which contained the original entries of the defendant's account as made and kept in the usual course of business.

The plaintiff employed a bookkeeper at all times to take care of the entries in the books which were kept in the ordinary course of business. However, the entries on the page in evidence were written entirely by the plaintiff in his own handwriting, although he at first seemed inclined to have it appear otherwise. It appears from the plaintiff's own evidence that no other account in the many pages of his looseleaf ledger was *entirely* in his own handwriting. On the contrary, in every other account therein the far greater number of entries were admittedly in the handwriting of the plaintiff's bookkeeper. Only a comparatively few entries appear in the plaintiff's handwriting in any account in the ledger. The bookkeeper, who was employed by the plaintiff during all of the time in question, testified positively that she had opened the original ledger account of the defendant; that it was entirely in her own writing and contained, when she had left the plaintiff's employ in 1932, about twelve items which corresponded with certain documentary and other evidence in the case; that it did not contain any entry or record of any charges against or payments by the defendant in November 1924 or in November 1928, as the ledger page in evidence purported to indicate; and that the ledger page produced by the plaintiff was entirely in his handwriting and was not the defendant's original account as opened and kept by her in the usual course of the plaintiff's business.

This evidence does not appear to have been specifically and successfully contradicted by the plaintiff; and no testimony was offered by him to explain why the original ledger account, as opened and kept by the bookkeeper in the usual course of business, was not produced to corroborate his claim.

There also appears to be a difference of over $900 between the claim of the plaintiff as demanded of the defendant by the plaintiff's former attorney in September and December 1922 and that which the plaintiff claimed at the trial. Other apparent inconsistencies, errors and weaknesses in certain features of the case were not adequately explained in the evidence and were not specifically discussed by the trial justice in his decision.

The basis upon which the trial justice rested the decision and his failure to discuss these inconsistencies and errors lead us to the conclusion that he overlooked or misconceived the effect of material documentary and other evidence. We are of the opinion, upon a consideration of all of the evidence, that his decision is clearly wrong.

The defendant's exception, therefore, is sustained and the case is remitted to the superior court for a new trial.

*Patrick H. Quinn,* for plaintiff.

*McGovern & Slattery, James A. Higgins,* for defendant.